702 S.E.2d 557

**In the Matter of St. George and Cottageville Municipal Court Judge Michael EVANS, Respondent.**

No. 26891.

Supreme Court of South Carolina.

Submitted Oct. 19, 2010.

Decided Nov. 8, 2010.

Rehearing Denied Jan. 6, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael Evans, of Walterboro, pro se.

PER CURIAM.

In this judicial disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RJDE, Rule 502, SCACR. The facts as set forth in the Agreement are as follows.

## *FACTS*

In February 2008, respondent attended the South Carolina Summary Court Judges Association Staff/Judges Seminar in Myrtle Beach, South Carolina. Jane Doe (fictitious name), a twenty year old female, attended the seminar with respondent and his staff, although not as an employee of his court. Respondent and Doe stayed together at a hotel in the Myrtle Beach area. The hotel room was a suite and respondent denies any inappropriate sexual conduct with Doe during the seminar.[1]

Doe had been charged with possession of drug paraphernalia in the jurisdiction of Cottageville. Respondent admits that, in allowing Doe to share his hotel suite, he created an appearance of impropriety that could undermine public confidence in the judiciary.

In St. George and Cottageville, respondent operated an alternative sentencing program known as the "Judge Michael Evans' Program" or "Adjournment to Dismiss." Doe was enrolled in respondent's alternative sentencing program in Cottageville; she paid approximately $565.00 to enroll in the program and the funds went to the general fund of the Town of Cottageville.

Respondent's alternative sentencing programs were not administered or approved by the Solicitor's Office for the Fourteenth Judicial Circuit or First Judicial Circuit. Respondent admits that he acted in contravention of an order of the Supreme Court of South Carolina in that he operated the

---

1. On February 22, 2008, the Court placed respondent on interim suspension.

programs without the specific approval of the Circuit Solicitors.

## *LAW*

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); and Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary). By violating the Code of Judicial Conduct, respondent admits he has also violated Rule 7(a)(1) and Rule 7(a)(9) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent, remove respondent from office, and bar him from holding any judicial office within the unified judicial system in South Carolina. *See* Rule 7(b)(1), RJDE, Rule 502, SCACR. It is therefore ordered that respondent be removed from office as of the date of the filing of this opinion.

**REMOVED FROM OFFICE.**